UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| THEODORE A. THOMPSON, | ) | No. 08 B 2560 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| THEODORE A. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 A 182 |
| | ) | |
| GMAC, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## MEMORANDUM OPINION

This matter is before the court for trial on the complaint of debtor Theodore Thompson against GMAC. The parties' stipulations on the record leave no issue of material fact requiring a trial. The court accordingly makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Judgment on the complaint will be entered in favor of GMAC and against Thompson.

### a. Findings of Fact

1. On April 5, 2003, debtor Theodore Thompson entered into a retail installment contract with GMAC for the purchase of a 2003 Chevrolet Impala. Thompson granted GMAC a security interest in the car, and that security interest was properly perfected.

2. Under the contract, Thompson agreed to make 60 monthly payments in the amount of $398.55. The payments were due on the 20th day of each month.

3. On November 20, 2007, Thompson defaulted by failing to make payments.

4. Upon the default, GMAC was entitled to repossess the car under the contract and under Illinois state law, and sometime before February 5, 2008, GMAC did repossess it.

5. On February 5, 2008, Thompson filed a chapter 13 bankruptcy case.

6. On the petition date, the balance Thompson owed to GMAC was $6,523.84.

7. On the petition date, the retail value of the car was $6,625. That meant there was an "equity cushion" of roughly $100.

8. According to the NADA Guide, the value of the car in March 2008 (a month after the bankruptcy was filed) was $6,425. According to the NADA Guide, the value of the car in April 2008 (two months after the bankruptcy was filed) was $6,225. The car is therefore depreciating at a rate of $200 per month.

9. The car has depreciated approximately $720.36 since the bankruptcy case was filed.

10. Thompson has proposed a chapter 13 plan under which GMAC would be paid $128 per month.

11. Since the case was filed, the trustee has paid GMAC $291 in preconfirmation disbursements under section 1326 of the Bankruptcy Code.

12. On March 26, 2008, Thompson filed this adversary proceeding against

GMAC seeking turnover of the car.

### b. Conclusions of Law

Under section 541(a) of the Bankruptcy Code, Thompson's car is property of his bankruptcy estate even though GMAC has repossessed it. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983). Under section 542(a) of the Code, someone who holds property that a debtor can use, sell, or lease under section 363 must turn that property over to the debtor. *See* 11 U.S.C. § 542(a).

When property is collateral securing a debt of the debtor, however, a creditor in possession of the property need not turn it over unless and until the debtor provides the creditor with "adequate protection." *See Nash v. Ford Motor Credit Co. (In re Nash)*, 228 B.R. 669, 673-74 (Bankr. N.D. Ill. 1999); *Coleman v. Grand Nat'l Bank (In re Coleman)*, 229 B.R. 428, 432 (Bankr. N.D. Ill. 1999); *Spears v. Ford Motor Credit Co. (In re Spears)*, 223 B.R. 159, 166-67 (Bankr. N.D. Ill. 1998).

"Adequate protection" means some form of assurance that the secured creditor will not "suffer a decline in the value of its interest in the estate's property" while the bankruptcy prevents the creditor from seizing and liquidating the collateral. *In re Addison Properties, L.P.*, 185 B.R. 766, 769 (Bankr. N.D. Ill. 1995); *see also United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370 (1988). If a creditor's interest is threatened with a decline in value, "the estate must take action to make up the decline." *In re Markos Gurnee P'ship*, 252 B.R. 712, 716 (Bankr. N.D. Ill. 1997), *aff'd sub nom. First Midwest Bank v. Steege,*

No. 97 C 3571, 1998 WL 2595507, at *1 (N.D. Ill. May 21, 1998).

Section 361 of the Code describes different forms that adequate protection may take. One of these is "a cash payment or periodic cash payments." 11 U.S.C. § 361(1). When collateral is decreasing in value, the creditor's interest in the collateral will be adequately protected with cash payments such that "the value of its interest . . . remains constant." *First Fed. Bank of Calif. v. Weinstein (In re Weinstein)*, 227 B.R. 284, 296 (B.A.P. 9th Cir. 1998). The payment amount will equal the amount by which the collateral is depreciating. *Id.; see also In re Robson*, 369 B.R. 377, 380 (Bankr. N.D. Ill. 2007) (discussing pre-confirmation adequate protection payments).

In this case, the parties agree that information from the NADA Guide shows that Thompson's car is depreciating at a rate of roughly $200 per month. *See Robson*, 369 B.R. at 381-82 (approving the determination of depreciation using NADA figures from the period near the petition date). They also agree that based on these figures, the car has depreciated $720.36 from February 5, 2008, when the bankruptcy was filed, through today. It was therefore necessary for Thompson to pay GMAC $200 per month as adequate protection during the bankruptcy – or $720.36 through today – to be entitled to turnover of the car.

Thompson has neither offered nor provided adequate protection to GMAC. His plan proposes $128 monthly payments to GMAC. That payment fails to protect GMAC's interest in the car from monthly depreciation of $200. To date, GMAC has been paid only $291, not close to the $720.36 by which the car has depreciated.

-4-

Therefore, Thompson is not entitled to turnover.

The parties make several other arguments that can be quickly addressed. Thompson argues that GMAC is adequately protected through its "equity cushion" in the car.

It is true that when the collateral's value exceeds the creditor's claim, the difference, or "equity cushion," can serve as adequate protection. *See In re Aaura, Inc.*, 06 B 1853, 2006 WL 2568048, at *2 (Bankr. N.D. Ill. Sept. 1, 2006). But in this case, the so-called equity cushion is only $100 and, as GMAC rightly notes, the protection that amount provides is not adequate when the value of GMAC's interest is declining by $200 each month.

Thompson next argues that adequate protection is properly calculated as a fixed percentage of the collateral's value, typically 1%. Therefore, GMAC's interest in his car is adequately protected with a monthly payment of $65.24, 1% of the car's $6,524 value.

Some courts do determine adequate protection this way. *See, e.g., Hampton v. Capital One Auto Fin. (In re Hampton)*, 383 B.R. 560, 563 (Bankr. S.D. Ga. 2008). Without evidence, however, there is no reason to believe that all property depreciates at the same rate, or that the supposedly uniform rate is 1% of the property's value. The fixed percentage method is no more than an expedient and, apart from saving time and providing predictability, has nothing to recommend it. In *Robson*, the court properly declined to decide adequate protection this way. *See Robson*, 369 B.R. at 381.

Finally, Thompson contends that under section 1325(a)(5)(B)(iii)(I) of the Code he can pay off GMAC's claim over the life of the plan, that he is free to do so over 60 months, and that a $128 monthly payment to GMAC would pay off the claim during the case. Adequate protection, Thompson insists, cannot be more than a permissible plan payment.

Thompson has it backward. He can pay off GMAC's claim over the life of the plan, true enough. But under section 1325(a)(5)(B)(iii)(II), the payments to GMAC "shall not be less than an amount sufficient to provide . . . adequate protection during the period of the plan." Rather than the plan payments limiting adequate protection, adequate protection requirements provide a minimum below which the plan payments cannot go. In other words, if GMAC must be paid $200 a month for its interest in the car to be adequately protected, GMAC must also be paid at least $200 a month under the plan.

For its part, GMAC argues that it is entitled to its prepetition costs of repossession. Perhaps so, if GMAC's contract with Thompson grants these costs. But the repossession costs would form part of GMAC's secured claim in the bankruptcy only to the extent of the value of the car and would simply exhaust the already razor-thin equity cushion. Since the equity cushion is too small to be relevant here, the repossession costs would not change the amount of adequate protection to which GMAC is entitled.

GMAC also argues that it is oversecured and therefore should receive its attorney's fees and other charges under section 506(b) of the Code. That is true – if

-6-

the repossession costs are not added to GMAC's claim, causing GMAC to be undersecured. But even so, GMAC would only be entitled to $100 of fees and charges, since that is the extent to which GMAC is oversecured. Like the repossession costs, the fees and charges recoverable under section 506(b) would simply exhaust the equity cushion. They would have no effect on adequate protection.

Citing *Nash*, finally, GMAC insists that the feasibility of Thompson's plan should be considered here. *Nash* was a turnover proceeding brought by a chapter 13 debtor seeking the return of her car. The court denied the creditor's motion to dismiss the debtor's complaint. GMAC latches on to dicta in the *Nash* opinion that says: "While Debtor has alleged that her plan will provide adequate protection for FMC's interest, that plan has not yet been confirmed. The delay in confirming may reflect problems in plan feasibility to be explored at trial." *Nash*, 228 B.R. at 674.

This is hardly strong authority for arguing that plan feasibility is an issue in a turnover action. *Nash* nowhere explains how feasibility is relevant to adequate protection, and the two issues are distinct. Feasibility is a requirement for confirmation of plan. *See* 11 U.S.C. § 1325(a)(6). Adequate protection is a condition that must be met (if a creditor requests) before a debtor can retain and use the creditor's collateral. *See* 11 U.S.C. § 363(e). Adequate protection is relevant to plan confirmation in a chapter 13 case only under section 1325(a)(5)(B)(iii)(II). To the extent *Nash* suggests that plan feasibility has something to do with determining adequate protection, the court was mistaken.

### c. Conclusion

Because Thompson has not provided GMAC adequate protection, he is not entitled to turnover of the car, and judgment will be entered in favor of GMAC and against Thompson on the complaint. A separate Rule 9021 judgment will be entered.

Dated: May 23, 2008

_____
A. Benjamin Goldgar
United States Bankruptcy Judge